This is a proceeding for partition of land, the plaintiff claiming to be the owner of an undivided one-fifth interest under a deed executed by Martha Ann Davis and her children, all of whom are defendants.
The summons was served on 10 February, 1910, and within ten days thereafter the plaintiff filed his complaint. The defendants filed no answer or demurrer to the complaint, nor did they enter an appearance in the proceeding until 17 July, 1911, or about seventeen months after the judgment had been entered adjudging the plaintiff to be the owner of one-fifth undivided interest in the land and appointing commissioners to make partition thereof.
On 17 July, 1911, the defendants made a motion before the (39) clerk of the Superior Court to set aside the decree adjudging the plaintiff to be the owner of an undivided one-fifth interest in the land and appointing commissioners to assign to him the same, alleging that the plaintiff had procured the deed from them by fraud, and that they were prevented by the fraud of the plaintiff from appearing and defending in said proceeding. *Page 32 
The clerk allowed the motion as to the one-fifth of the land allotted to the plaintiff, and said defendants filed an answer alleging that the deed to the plaintiff was procured by fraud, to which no exception was taken.
The proceeding was then transferred to the civil-issue docket, and when called for trial the plaintiff moved for judgment on the whole record, for that the court was without jurisdiction or power by a motion in the cause to set aside the order of the clerk fixing the rights of the plaintiff in the land after the expiration of more than one year from date of the decree.
The motion was overruled, and the plaintiff excepted.
At the conclusion of the evidence the plaintiff requested his Honor to charge the jury that there was no evidence of fraud, which was refused, and the plaintiff excepted.
The jury answered the issue of fraud in favor of the defendants, and from the judgment rendered the plaintiff appealed.
The court could not, in any event, have granted the motion of the plaintiff for judgment upon the whole record, because an order had been made, to which no exception was taken, setting aside all orders in the proceeding affecting the rights of the defendants, and an answer was on file raising an issue of fraud; but we are also of opinion that the order of the clerk was fully authorized by Revisal, sec 2494, which, after providing for confirmation of the report of commissioners appointed to divide land in partition proceedings, says: "Provided, that any party, after confirmation, may impeach the proceedings and decrees for mistake, fraud, or collusion by petition in the cause."
The exception that there is no evidence of fraud in procuring (40) the execution of the deed under which the plaintiff claims is without merit. There is evidence that the defendants had employed the plaintiff to get them a deed for the land; that he came to them and asked them to sign a paper, which he said it was necessary for them to sign before they could get a deed and which was the deed under which the plaintiff claims; that he was asked to read the paper, and he said it was not necessary, and that he would not wrong the defendants out of anything; that the defendants did not know they were signing a deed; that the plaintiff paid nothing for the land, and that he denied to the defendants claiming any interest in the land after the execution of the deed.
There was evidence to the contrary, but we cannot pass on the weight of the evidence.
No error. *Page 33